IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS ANTONIO VÉLEZ-MARTÍNEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIV. NO. 20-1269 (SCC) |

**OPINION AND ORDER**

Luis Antonio Vélez-Martínez filed a petition under 28 U.S.C. § 2255. Docket No. 1. He now moves the Court to dismiss this action because he has obtained the relief that he sought. Docket No. 31. At this phase in the lawsuit (*i.e.*, after the government has filed a motion to summarily dismiss his petition), the action may be dismissed "only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).

The Court "should grant a motion for voluntary dismissal" as long as "no other party will be prejudiced." *Cason v. P.R. Elec. Power Auth.*, 770 F.3d 971, 976 (1st Cir. 2014) (first citing *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 161 (1st Cir. 2000); and then quoting *P.R. Mar. Shipping Auth. v. Leith*, 668

F.2d 46, 50 (1st Cir. 1981)). Prejudice requires more than "facing the mere prospect of a second lawsuit." *Id.* (citing *Doe*, 216 F.3d at 161). We see no "plain legal prejudice" that the government would suffer, *see id.*, if we grant Vélez-Martínez's motion to voluntarily dismiss his § 2255 petition. For he has already received the relief that he sought. Thus, the Court **DISMISSES without prejudice** Vélez-Martínez's § 2255 petition (Docket No. 1).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of April 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE